Order Form (01/2005)

# United States District Court, Northern District of Illinois



| Name of Assigned Judge or Magistrate Judge | JOAN H. LEFKOW | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 1284 | **DATE** | MAR 10 2011 |
| **CASE TITLE** | Jerome Watson, Jr. (#K-89634) vs. Cook County State's Attorneys Office, et al. | | |

**DOCKET ENTRY TEXT:**

The plaintiff's motion for leave to file *in forma pauperis* [#3] is granted. However, the complaint is dismissed on initial review pursuant to 28 U.S.C. § 1915A for failure to state a claim. The case is terminated. The plaintiff's motion for appointment of counsel [#4] is denied as moot. The trust fund officer at the plaintiff's place of confinement is authorized and ordered to make deductions from the plaintiff's account and payments to the Clerk of Court in accordance with this order. The clerk is directed to mail a copy of this order to the trust fund officer at the Lawrence Correctional Center. This dismissal counts as one of the plaintiff's three allotted dismissals under 28 U.S.C. § 1915(g).

■ [For further details see text below.]

Docketing to mail notices.

## STATEMENT

The plaintiff, a state prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. As the court understands the complaint, the plaintiff contends that he has been wrongfully required to register as a violent offender against youth due to erroneous conviction records. The plaintiff sues the Cook County State's Attorneys Office, the State of Illinois, the Illinois Attorney General, and the Illinois State Police.

The court finds that the plaintiff is unable to prepay the filing fee. Accordingly, the court grants the plaintiff's motion to proceed *in forma pauperis* and assesses an initial partial filing fee of $1.88 pursuant to 28 U.S.C. § 1915(b)(1). The trust fund officer at the plaintiff's place of incarceration is authorized and ordered to collect, when funds exist, the partial filing fee from the plaintiff's trust fund account and pay it directly to the clerk of court. Thereafter, the trust fund officer at the plaintiff's place of confinement is directed to collect monthly payments from the plaintiff's trust fund account in the amount of 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the clerk of court each time the account balance exceeds $10 until the full $350 filing fee is paid. Separate deductions and payments shall be made with respect to each action or appeal filed by the plaintiff. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify the plaintiff's name and this case number.

However, under 28 U.S.C. § 1915(e)(2), the court is required to dismiss a suit brought *in forma pauperis* at any time if the court determines that it is frivolous or malicious, fails to state a claim on which relief may be
**(CONTINUED)**

mjm

granted, or seeks monetary relief against a defendant who is immune from such relief. Here, even accepting the plaintiff's factual allegations as true, the court finds that the complaint fails to state a claim as a matter of law. This case appears to be based on the plaintiffs' misreading of the law.

## FACTS

The plaintiff alleges that in 1999, he was convicted of attempted murder and sentenced to ten years' imprisonment. The State dismissed charges of aggravated battery with a firearm, aggravated battery with great bodily harm, and armed violence.

The plaintiff completed that sentence. According to the Illinois Department of Corrections website, the plaintiff is currently serving time on a drug conviction.

As a result of the attempted murder conviction, the plaintiff was apparently required to register as a sex offender under the law in effect at that time. However, on March 9, 2009, Illinois Attorney General Lisa Madigan sent the plaintiff notice that he was being taken off the sex offender registry. She further advised the plaintiff that he was being placed, instead, on the State's violent-offender-against-youth registry. The plaintiff believes that the dismissed charges are being applied against him because attempted murder is not listed as one of the crimes triggering the registration requirement.

## DISCUSSION

The plaintiff misapprehends the law. The plaintiff's conviction for attempted murder triggers a duty to register under Illinois' Child Murderer and Violent Offender Against Youth Registration Act, 730 ILCS § 154/1, *et seq.*

Pursuant to 730 ILCS § 154/10(a), a violent offender against youth is required to register with the Department of State Police. The statute defines a "violent offender against youth" as any person who is convicted of crimes including kidnapping, aggravated kidnapping, unlawful restraint, aggravated unlawful restraint, first degree murder, and certain categories of child abduction. *See* Section 154/5(b). The statute repeatedly states that convictions for **attempts** to commit any of the enumerated offenses constitute a violent offense against youth. *See* Sections 154/5(a)(1), 154/5(a)(1)(A), 154/5(b)(1), and 154/5(b)(4). [Although information concerning the plaintiff's conviction is neither provided in the complaint nor available on Westlaw, the plaintiff does not indicate either that he was not at least seventeen years old at the time of the offense, or that his victim was not under the age of eighteen.]

In short, it is plain from the statute that the plaintiff's conviction for attempted murder of a child qualifies as a violent offense against youth; any argument to the contrary is frivolous. The dismissal of the other charges against the plaintiff had no effect on his duty to register under the statute.

For the foregoing reasons, this suit is dismissed for failure to state a claim upon which relief may be granted. The plaintiff is warned that if a prisoner has had a total of three federal cases or appeals dismissed as frivolous, malicious, or failing to state a claim, he may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).