# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | JOAN H. LEFKOW | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 1284 | **DATE** | May 25, 2011 |
| **CASE TITLE** | Jerome Watson, Jr. (#K-89634) vs. Cook County State's Attorneys Office, et al. | | |

**DOCKET ENTRY TEXT:**

The plaintiff's motions "to adverse judgment" [#8] and to relate [#9] are denied. The clerk is directed to process the plaintiff's motion for leave to appeal *in forma pauperis* [#10] as a notice of appeal, and to process the appeal accordingly. However, the motion for leave to appeal i.f.p. is denied. The court certifies that the appeal is not taken in good faith and orders the plaintiff to pay the appellate fees of $455 within fourteen days or the Court of Appeals may dismiss his appeal for want of prosecution. The clerk is directed to send a copy of this order to the PLRA Attorney, U.S. Court of Appeals for the Seventh Circuit.

■ **[For further details see text below.]**                                                    Docketing to mail notices.

## STATEMENT

The plaintiff, a state prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. As the court understands the complaint, the plaintiff contends that he has been wrongfully required to register as a violent offender against youth due to erroneous conviction records. The plaintiff sues the Cook County State's Attorneys Office, the State of Illinois, the Illinois Attorney General, and the Illinois State Police.

By Minute Order of March 10, 2011, the court dismissed the complaint on initial review pursuant to 28 U.S.C. § 1915A, finding that the plaintiff's conviction for attempted murder triggered a duty to register under Illinois' Child Murderer and Violent Offender Against Youth Registration Act, 730 ILCS § 154/1, *et seq.*

As an additional obstacle to suit, "[c]hallenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus." *See, e.g., Muhammad v. Close*, 540 U.S. 749, 750 (2004), *citing Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). "If the prisoner is seeking what can be fairly described as a quantum change in the level of custody--whether outright freedom, or freedom subject to the limited reporting and financial constraints of bond or parole or probation," then his only remedy is habeas corpus. *Glaus v. Anderson*, 408 F.3d 382, 386-387 (7th Cir. 2005), *quoting Graham v. Broglin*, 922 F.2d 379, 381 (7th Cir. 1991). A finding that the plaintiff's conviction does not qualify as a violent crime against youth would be tantamount to a ruling that the plaintiff need not register and report as a child offender. As such, the plaintiff's only course for relief in federal court is to file a habeas corpus action. Accordingly, the plaintiff's motions "to adverse judgment" and to relate are denied. The court's dismissal order stands.

**(CONTINUED)**

mjm

The court will construe the plaintiff's motion, in the alternative, for leave to appeal *in forma pauperis* as a notice of appeal. However, for the reasons stated above, the court finds that this action does not raise a substantial issue meriting appellate review. The court therefore certifies, pursuant to 28 U.S.C. § 1915(a)(3), that the appeal is not in good faith and that no appeal should be taken. When a suit is found to be frivolous, an ensuing appeal generally cannot be "in good faith" under § 1915(a)(3). *Moran v. Sondalle*, 218 F.3d 647, 650 (7th Cir. 2000).

Under the rules of the U.S. Court of Appeals for the Seventh Circuit Court, if the district court certifies that an appeal is not taken in good faith, the appellant cannot prosecute the appeal *in forma pauperis* but rather must pay the appellate fees in full for the appeal to go forward. Consequently, the plaintiff must pay the full $455 within fourteen days or the Court of Appeals may dismiss his appeal for want of prosecution. *See Evans v. Illinois Dept. of Corrections*, 150 F.3d 810, 812 (7th Cir. 1998). If the plaintiff wishes to contest this court's finding that the appeal is not taken in good faith, he must file a motion with the Court of Appeals seeking review of this court's certification within thirty days of service of this order. *See* Fed. R. App. P. 24(a)(5).

Payment shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor. Payment should clearly identify the plaintiff's name, as well as the district court and appellate court case numbers assigned to this action.

The clerk is directed to send a copy of this order to the PLRA Attorney, United States Court of Appeals for the Seventh Circuit.